JOURNAL ENTRY AND OPINION
Defendant Demetrius Moore appeals from his conviction for felonious assault. For the reasons set forth below, we affirm.
On December 16, 1998, defendant was indicted for two counts of rape, one count of kidnaping with a sexual motivation specification and one count of felonious assault with a sexual motivation specification. Defendant entered a plea of not guilty and the matter proceeded to a jury trial on February 9, 1999.
For its key evidence, the state presented the testimony of Eric Allison, Cleveland Police Officer William Sumerauer, Cleveland Police Detective Sheralynn Howard and Carol Cuthbertson.
Eric Allison testified that he previously lived on Quebec Avenue and on November 22, 1998, he observed defendant chasing Cuthbertson with a board. He let Cuthbertson into the house and Allison's wife attended to Cuthbertson who was bleeding. Allison stayed outside and asked defendant to leave. According to Allison, defendant refused to leave and threatened to blow his brains out. Allison remained outside with defendant while Mrs. Allison called police. Defendant ran when the police arrived but he was subsequently apprehended. Cuthbertson stated that defendant had tried to rape her.
On cross-examination, he stated that defendant appeared intoxicated.
Cleveland Police Officer William Sumerauer testified that he responded to the call for assistance and apprehended defendant. He observed Cuthbertson injured, bleeding and upset. Cuthbertson was subsequently transported to Mount Sinai Hospital. While at the hospital, she told the police that defendant stopped her and demanded money. She told him that she did not have any. He stated that he was going to get something, pulled her behind a building and raped her. She found a bottle, broke it, and was able to escape. Cuthbertson also reported that defendant picked up a board with nails in it and struck her. Finally, Sumerauer testified that defendant had a laceration above his eye but he refused medical treatment.
Cleveland Police Detective Sheralynn Howard spoke with Cuthbertson the next day and had her wounds photographed. Howard also determined that the board seized from defendant had human blood on it. Howard also took a statement from defendant in which he stated that Cuthbertson agreed to perform sex in exchange for five dollars. Afterward, he asked her for his money back. According to his statement, she suddenly pushed him toward a wall, causing him to fall. She then reportedly got on top of him and
 "it was a bottle by my head[.] [S]he picked it up and broke it and I grabbed her arm. [I]t looked like she was trying to cut my neck.
He also stated that he hit her and she picked up a "big stick" which he then pulled away from her and used to strike her.
On cross-examination, Howard acknowledged that defendant had scratches and had been bleeding.
Carol Cuthbertson testified that she was walking toward Quebec Avenue to catch the bus. Defendant approached her and threatened to blow her brains out unless she went to a back yard. He told her to pull her pants down and she complied. After he finished raping her, he punched her in the jaw. She then grabbed his neck, broke a bottle and ran away from him. Defendant picked up a board and beat her with it and chased her until she went into Allison's house.
Defendant was subsequently convicted of the felonious assault charge, and acquitted of the remaining charges and specifications. The trial court sentenced him to six years imprisonment. Defendant now appeals and assigns two errors for our review.
Defendant's first assignment of error states:
 DEMETRIUS MOORE WAS DENIED HIS CONSTITUTIONAL RIGHT TO CONFRONTATION, WHEN THE TRIAL COURT IMPROPERLY LIMITED HIS CROSS-EXAMINATION OF CAROL CUTHBERTSON.
Within this assignment of error, defendant complains that the trial court erroneously limited his cross-examination of the complaining witness as to an outstanding warrant issued against her, and as to whether she was a prostitute and addicted to drugs.
The Confrontation Clause of the Sixth Amendment guarantees the right of an accused in a criminal prosecution "to be confronted with the witness against him."
The right of a criminal defendant to confront and cross-examine a witness on relevant matters is secured in the Sixth Amendment to the United States Constitution. Delaware v. Van Arsdall
(1986), 475 U.S. 673, 89 L.Ed.2d 674, 682-83. However, "trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." Id.
Evid.R. 608(B) provides:
 "Specific Instances of Conduct. Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness's character for truthfulness, other than conviction of crime as provided in Evid.R. 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if clearly probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness's character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified."
In State v. Larson (Nov. 10, 1993), Cuyahoga App. No. 63001, unreported, this court stated:
 We also reject Larson's argument that trial counsel erred in failing to produce evidence that Laureano had a pending arrest warrant for solicitation. The date of the warrant was nearly five months after the date Laureano was raped. It was irrelevant as to whether she was a prostitute on the date of the rape. In addition, the existence of the warrant would not have been admissible for impeachment purposes since Evid.R. 609 provides that only convictions may be used for impeachment purposes. It also could not have been admitted as evidence that Laureano had a reputation as a prostitute. R.C. 2709.02(D) specifically precludes that use of reputation evidence of the victim's sexual activity unless it pertains to the origin of semen, pregnancy, or disease or the victim's past sexual relationship with the offender. As stated above, none of these issues were raised at trial. Since the arrest warrant could not have been properly used for any purpose at trial, trial counsel did not err in failing to produce information about it. Larson's eighth assignment of error is without merit.
Further, in State v. Ingram (July 9, 1992), Cuyahoga App. No. 60072, unreported, this court noted that drug addiction is not probative of truthfulness.
In accordance with the foregoing, it is clear that the trial court properly prevented cross-examination as to whether Cuthbertson had an outstanding warrant because there was no evidence of any conviction resulting from this warrant. Evid.R. 609.
Further, the trial court properly prevented the defense from cross-examining Cuthbertson as to whether she is a prostitute since R.C. 2709.02(D) specifically precludes the use of reputation evidence of the victim's sexual activity unless it pertains to the origin of semen, pregnancy, or disease or the victim's past sexual relationship with the offender, and none of these issues were raised at trial.
Finally, as to the claim that the defense should have been permitted to cross-examine Cuthbertson as to whether she is addicted to drugs, this court noted that drug addiction is not probative of truthfulness.
In accordance with the foregoing, this assignment of error is without merit.
Defendant's second assignment of error states:
 DEMETRIUS MOORE WAS DENIED HIS CONSTITUTIONAL RIGHT TO A FAIR TRIAL BEFORE A JURY, WHEN THE TRIAL COURT REFUSED TO GIVE HIS REQUESTED JURY INSTRUCTION ON AGGRAVATED ASSAULT.
Defendant next contends that he was entitled to an instruction on aggravated assault as a lesser included offense of felonious assault.
In State v. Deem (1988), 40 Ohio St.3d 205, paragraphs four and five of the syllabus, the Ohio Supreme Court held:
 4. Aggravated assault, R.C. 2903.12, contains elements which are identical to the elements defining felonious assault, R.C. 2903.11, except for the additional mitigating element of serious provocation. Thus, in a trial for felonious assault, where the defendant presents sufficient evidence of serious provocation, an instruction on aggravated assault must be given to the jury. (R.C. 2945.74 and Crim.R. 31[C], construed and applied.)
 5. Provocation, to be serious, must be reasonably sufficient to bring on extreme stress and the provocation must be reasonably sufficient to incite or to arouse the defendant into using deadly force. In determining whether the provocation was reasonably sufficient to incite the defendant into using deadly force, the court must consider the emotional and mental state of the defendant and the conditions and circumstances that surrounded him at the time. (State v. Mabry [1982], 5 Ohio App.3d 13, 5 OBR 14, 449 N.E.2d 16, paragraph five of the syllabus, approved.)
Reviewing the evidence at the trial, we do not conclude that the trial court erred in refusing to give an instruction on aggravated assault in this instance. Even under defendant's view of the events surrounding the attack, it is clear to us that there was no "serious provocation occasioned by the victim" as required for an instruction on aggravated assault. R.C.2903.12(a). Rather, the defendant precipitated the matter when he demanded the return of his money after Cuthbertson allegedly performed sexual acts for money. He stated:
 After she pushed me to the wall and broke that bottle, I just flipped out.
Further, defendant stated merely that "it looked like she was trying to cut my neck."
In accordance with the foregoing, this assignment of error is without merit.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ROCCO. J., AND KILBANE, J., CONCUR.
 ____________________ ANN DYKE ADMINISTRATIVE JUDGE